I concurred in Justice Almon's case of Hollis v. NorfolkSouthern Ry., 667 So.2d 727 (Ala. 1995). I cannot distinguish this case from Hollis, but I can distinguish it from Motes v.Matthews, 497 So.2d 1121 (Ala. 1986), a case that I authored. In Hollis, we noted that the plaintiff argued, as Mr. Ricketts argues in this case, that the minor's "appreciation of the risk" was a question of fact for the jury, but we held that "because the evidence shows without dispute that Dana in fact appreciated the risk, Norfolk Southern was entitled to a judgment as a matter of law." 667 So.2d at 732. There is evidence that Eric appreciated the risk; there is no evidence that he did not. "Section 339(c) [Restatement (Second) ofTorts] makes a lack of knowledge of the risk and a lack of ability to appreciate that risk an element of a plaintiff's prima facie case." Hollis, 667 So.2d at 731.
I would affirm the judgment of the trial court; therefore, I must dissent.
MADDOX, J., concurs.